## ROBERT DOLLAR CO. v. WENTWORTH SECURITIES CORPORATION.

Circuit Court of Appeals, Ninth Circuit. January 14, 1929.

No. 5579.

[1] The opinion not only failed to include the essential finding, but indicated that the evidence did not justify.

Hugh Montgomery, of San Francisco, Cal., for appellant.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Nat Schmulowitz, and Frederick T. Hyde, all of San Francisco, Cal., for appellee.

Before GILBERT and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge. On June 27, 1923, the appellant entered into a written contract with the appellee, under the terms of which the latter agreed to sell, and the former agreed to buy, 2,000 shares of the preferred capital stock of the Dollar Portland Lumber Company, a corporation. The agreed purchase price was $200,000, "payable in four (4) annual installments of fifty thousand dollars ($50,000) each, on the first days of May, in each of the years 1924 to 1927 inclusive, plus in the case of each payment to be made hereunder, a sum equal to all unpaid accrued cumulative dividends upon the stock." Pursuant to the terms of the agreement, the appellee deposited the four certificates for 500 shares each with the Central Trust Company of Illinois, with instructions to deliver one to the appellant when and as each payment was made to it for the account of appellee.

The contract also contains the following provisions: "In the event that default be made in any payment by the purchaser, and said default shall continue for the period of ten (10) days, then and in that event said Bank (the trust company) shall, upon the demand of the Seller, return to the Seller all certificates of stock not theretofore delivered, or as to which said Buyer shall not then be entitled to deliver, but otherwise said Seller shall not be entitled to the redelivery of said stock. * * * Prior to the delivery of any of said stock the Seller shall be entitled to receive any and all dividends declared and paid thereon and to exercise any and all rights of stockholders in connection therewith. * * * In the event that the Buyer default in any payment made on account of the purchase price, the Seller may, at its election, terminate this contract as to the purchase and sale of stock not theretofore

delivered and paid for, or at its election may continue this agreement in full force and effect and declare the entire balance of the purchase price immediately due, owing and unpaid, and sue to collect the balance of the purchase price as declared due."

Appellant paid the first three installments, but on the 1st day of May, 1927, refused payment of the last one. Such refusal having continued for a period of ten days, by letter appellee demanded of appellant the sum of $50,000, plus $7,000, which latter amount represented the unpaid accrued cumulative dividends. By the letter appellee further advised appellant that it elected to continue the contract in force and effect and to declare the entire balance of the purchase price immediately due and payable, and further that the remaining certificate for 500 shares would remain on deposit with the trust company under the agreement subject to appellant's order. No further payment having been made, the seller brought this suit, and from a judgment for $57,000 defendant appeals.

The only contention of appellant was and is that the contract was merely an option whereby it could purchase the stock in controversy at its will. We are of the opinion that a proposition so clearly devoid of merit does not warrant discussion. The contract definitely expresses an absolute obligation to sell and an absolute obligation to buy, and the appellant could not by its own default convert such an agreement into a mere option, without the consent of the appellee.

Affirmed.